IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SWISSMARINE ASIA PTE, LTD., | CIVIL ACTION |
| Plaintiff, | |
| | Case No: |
| v. | |
| | In Admiralty // Rule 9 |
| SHIPS' CRANE GUYS, LLC | |
| Defendant. | |

## COMPLAINT

Plaintiff SwissMarine Asia PTE, LTD., by and through its attorneys, Reeves McEwing LLP, hereby brings the following Complaint against Defendant Ships' Crane Guys, LLC. and in support thereof avers as follow:

## PARTIES

1. SwissMarine Asia PTE, LTD. ("SwissMarine") is a foreign corporation with a principal place of business located in Singapore.

2. Ships' Crane Guys, LLC ("SCG") is a South Carolina limited liability company whose principal place of business is located at 908 Bacons Bridge Rd., Palmetto Plaza, Suite 20, Summerville, South Carolina, 29485.

## JURISDICTION AND VENUE

3. This is a case within the Courts' admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333(1), and Rule 9(h) of the Federal Rules of Civil Procedure.

4. In the alternative, jurisdiction exists under 28 U.S.C. § 1332 because there is diversity of the parties, and the amount in controversy exceeds $75,000.00.

5. Venue is proper in this District because the events giving rise to this cause of action occurred within this district and within the jurisdiction of this Honorable Court.

## FACTUAL BACKGROUND

6. The M/V MARITIME EMERALD ("the Vessel") is an ocean going vessel, which at all times material hereto was owned, operated and/or chartered by Transocean Grabbulk Pool ("Transocean") and/or by Black Ship Line, SA. ("Black Ship"), who are not parties to this action.

7. At all times material hereto, SwissMarine was the time charterer of the Vessel, pursuant to a charter party with Transocean.

8. On or about September 19, 2014, the Vessel was docked at a terminal in Morrisville, PA, and her cargo of rock salt was being discharged using the vessel's cranes.

9. The cranes were operated by SCG, pursuant to an agreement with SwissMarine.

10. At all time material hereto, the discharge operations were under the control of SCG, whose agents, servants and/or employees were operating the cranes.

11. During the discharge operation, the crane's grab bucket fell onto the vessel's deck and/or tank top ("the Accident"), resulting in damage to the vessel, including but not limited to the tank top of No. 4 cargo hold, and the No. 3 fuel tank.

12. The Accident was caused wholly or in part by the negligence, inattention, carelessness or recklessness of SCG, its agents, servants and/or employees.

13. As a result of the Accident, the Vessel was out of service until repairs were completed.

## **COUNT I (INDEMNIFICATION)**

14. Plaintiff hereby incorporates by reference Paragraphs 1-14 of the Complaint as if set forth fully herein.

15. Black Ship has initiated arbitration proceedings in London seeking to recover all damages resulting from the Accident from SwissMarine.

16. Black Ship alleges that the Accident was caused by the negligence of SwissMarine, its agents servants and/or employees, with respect to the discharge operations and, in particular, the operation of the vessel's cranes.

17. Black Ship's claim against SwissMarine exceeds $750,000.00, and includes repair costs, survey fees, legal fees, loss of use, and other damages.

18. To the extent that SwissMarine is liable for the damages, which liability is denied, then any such liability is due exclusively to the negligent discharge and/or crane operations by SCG, its agents, servants, or employees.

19. SwissMarine had tendered the defense of Black Ship's claim to SCG, who has rejected said tender.

20. By reason of the foregoing, SwissMarine seeks indemnity from SCG for the aforementioned claim, and all other claims arising out of the Accident, including attorney's fees, costs, interest and such other and further relief as may be appropriate under the circumstances.

WHEREFORE, SwissMarine Asia PTE, LTD demands judgment in its favor against Ship's Crane Guys, LLC for indemnity and all damages, including interest, costs, attorney's fees and such other and further relief as may be appropriate.

## COUNT II (BREACH OF CONTRACT/WARRANTY)

21. Plaintiff hereby incorporates by reference Paragraphs 1-21 of the Complaint as if set forth fully herein.

22. SwissMarine contracted SCG to provide crane operators and all services needed to discharge the cargo of rock salt from the Vessel.

23. SCG had a duty to provide properly trained, competent and supervised crane operators, and to perform discharge services in a safe, careful and appropriate manner.

24. SCG expressly or impliedly warranted that it would provide such crane operators, and that it would perform the discharge services in a careful, safe, and workmanlike manner.

25. Swiss Marine relied on SCG to provide properly trained, competent and supervised crane operators, and to perform discharge services in a safe, careful and appropriate manner.

26. Swiss Marine relied on SCG to perform discharge services in a workmanlike manner.

27. SCG breached the aforesaid contractual obligations and warranties with respect to the discharging of cargo on board the Vessel.

28. The Accident and resulting damages are the direct result of SCG's breach of its obligations under law and contract.

29. SCG is therefore liable to defend and indemnify SwissMarine for all claims for damages arising of said breach, including the claims of Black Ship.

30. As a result of SCG's breach, SwissMarine suffered damages by reason of its loss of use of the vessel during repairs, survey fees, costs, legal fees, and other damages.

31. SCG is liable to SwissMarine for indemnity and other direct damages arising out of the Accident, as set forth more fully above.

WHEREFORE, SwissMarine Asia PTE, LTD demands judgment in its favor against Ship's Crane Guys, LLC for indemnity and all damages, including interest, costs, attorney's fees and such other and further relief as may be appropriate.

## COUNT III (NEGLIGENCE)

32. Plaintiff hereby incorporates by reference Paragraphs 1-32 of the Complaint as if set forth full herein.

33. SCG and/or its agents, servants, and employees were careless, reckless and/or otherwise negligent with respect to the crane operation and the discharge of the Vessel.

34. As a result of SCG's negligence, carelessness, and/or recklessness, SwissMarine suffered damages by reason of its loss of use of the vessel during repairs, survey fees, costs, legal fees, and other damages.

35. SCG is liable to SwissMarine for all damages arising out of the Accident, as set forth more fully above.

WHEREFORE, SwissMarine Asia PTE, LTD demands judgment in its favor against Ship's Crane Guys, LLC for indemnity and all damages, including interest, costs, attorney's fees and such other and further relief as may be appropriate.

>REEVES McEWING LLP
>
> By: */s/ Mary E. Reeves, Esquire*
> 719 E. Passyunk Avenue
> Philadelphia, PA 19147
> Attorney for Plaintiff,
> SwissMarine Asia PTE, LTD.
> reeves@lawofsea.com

Date: May 11, 2016